THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDITH WARD, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, June 6, 1934.

*Frank Kleinholz* [*Lester Lyons* of counsel], for the appellant.

*William C. Dodge, District Attorney* [*Irving J. Tell* of counsel], for the respondent.

PER CURIAM. This is an appeal from a conviction of the appellant of violating chapter 14, article 18, section 196 of the Code of Ordinances. This ordinance reads as follows:

" § 196. General provisions. No person, organization, society, association or corporation and no agent or representative thereof shall solicit money, donations of money or property, or financial assistance of any kind upon the streets, in office or business buildings, by house to house canvass, or in public places in the city of New York, except upon a license issued by the commissioner of public welfare and under such regulations as hereinafter provided."

The information or complaint is herewith set out in full: " Mrs. Antoinette Perry Frueauff of No. 150 Park Avenue, Stage Director, Street, occupation being duly sworn, deposes and says, that on the 14 day of December 1933, at the City and County aforesaid Edith Ward (now here) did unlawfully solicit and cause to be solicited funds in the sum of $10. from the deponent by one Herman Rappoport, who has signed an affidavit of corroboration, which is hereto attached and made a part of this complaint, in that on the aforementioned date Herman Rappoport did come to this deponent's home, located at 150 Park Avenue, City and County of

New York, at which time he did present a letter from the Actors' Memorial Foundation, Inc. and stating that he was employed by same and that the funds would be used to feed unemployed actors. The deponent thereafter handed the said Herman Rappoport a check for the sum of $10. payable to the Actors Memorial Foundation, Inc., and after which he stated he was hired by Major Ward.

" (Sgn.)     ANTOINETTE PERRY FRUEAUFF.

" Sworn to before me, this⎫
9th day of February 1934⎭

" (Sgd)     H. S. Renaud."

A reading of the ordinance and the complaint leads us to the inevitable conclusion that the complaint is insufficient upon which to predicate a conviction in that it fails to allege that the solicitation complained of took place upon the streets, in office or business buildings, by house to house canvass, or in public places in the city of New York.

The complaint is, therefore, dismissed on the law, facts not examined.

All concur; present, KERNOCHAN, P. J., McINERNEY and HERBERT, JJ.